**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ADAM A. AREVALO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-13-CA-1148-XR** |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On this date, the Court considered Defendant Wells Fargo Bank's Motion to Dismiss (docket no. 17).  No response has been filed, and the time for doing so has expired.  The motion is GRANTED IN PART and DENIED IN PART.

**Background**

Wells Fargo moves for an involuntary dismissal with prejudice for failure to prosecute pursuant to Rule 41(b).  Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

A dismissal with prejudice is a dismissal on the merits and is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).  Consequently, dismissal with prejudice is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or where lesser sanctions have been employed but proved to be futile. *Id.*  Additionally, at least one of three

-1-

aggravating factors must be present.  Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 766 n.9.  The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice.  *Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1985).  "The district court's consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

Wells Fargo also moves for dismissal pursuant to Rule 37(d)(3) based on Plaintiff's failure to appear for deposition.  Rule 37(d)(3) provides that sanctions including "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," which includes dismissing the action in whole or in part, may be awarded for a party's failure to attend his own deposition after being served with proper notice. Further, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Rule 37(b)(2)(A)(v) expressly contemplates dismissal, and the district court's discretion thereunder is broad.  *Moore v. CITGO Ref'g & Chem. Co.*, 735 F.3d 309, 316 (5th Cir. 2013) (citing *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir. 1985)).  However, as with a dismissal under Rule 41(b), several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.  *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam).

In the alternative, Defendant asks the Court to amend the Scheduling Order so that Plaintiff may be deposed and Defendant may have an opportunity to move for summary judgment.

## Analysis

Defendant argues that there is a clear record of delay or contumacious conduct by Plaintiff Arevalo.  A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington*

*N. & Santa Fe. Ry. Co.*, 368 F. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Wells Fargo points to the following conduct by Arevalo: (1) Arevalo never served Wells Fargo with initial disclosures as required by Rule 26(a)(1); (2) Arevalo sought repeated extensions of his deadline to respond to Wells Fargo's First Set of Interrogatories and First Request for Production of Documents initially due June 23, 2014 (extended to August 18 with verification not provided until September 3), and has never supplemented his responses even though a number of his responses simply stated that he would supplement; (3) after Arevalo's counsel withdrew, Arevalo failed to comply with this Court's order dated September 5 directing him to have new counsel enter an appearance or inform the Court that he would be proceeding without counsel by September 24; and (4) Arevalo canceled his November 7, 2014 deposition at the last minute by email, after Defendant's counsel had already traveled by air from Houston to San Antonio.

Although the Court finds that Arevalo has engaged in some delay and has demonstrated contumacious conduct by failing to follow this Court's September 5 Order and failing to appear for his deposition, the Court finds that dismissal with prejudice is not justified at this time. Rather, lesser sanctions may serve the interests of justice and prompt diligent prosecution. "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982).

Arevalo failed to appear for his deposition and failed to provide adequate notice to Wells Fargo's counsel. Wells Fargo's counsel had already traveled by air to San Antonio for the deposition and Arevalo offered inadequate justification for missing the deposition. At a minimum, sanctions pursuant to Rule 37(b)(2)(C) are warranted. Rule 37(b)(2)(C) provides that instead of or in addition to other sanctions, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Because the failure to appear was not substantially justified and circumstances do not make such an award unjust, Plaintiff must pay the

reasonable expenses caused by his failure to attend his deposition, including all costs of travel, attorney's fees associated with the travel, and attorney's fees incurred in relation to the drafting of the present motion to dismiss.  Defendant shall file an affidavit with the Court no later than **December 10, 2014** setting forth these reasonable expenses.  **Plaintiff shall then have until January 10, 2015 to pay these expenses in full.**

In addition, Plaintiff Arevalo is ORDERED to supplement his discovery responses no later than **January 10, 2015** and to cooperate with Defendant to re-schedule his deposition and to appear for his deposition.

**Plaintiff is warned that failure to comply with this Order by (1) paying the reasonable expenses as ordered in full by January 10, 2015, (2) supplementing his discovery responses by January 10, 2015, or (3) cooperating with Defendant to re-schedule his deposition will result in dismissal of this case with prejudice.**

The discovery deadline is extended to January 30, 2015.  The deadline to file pretrial motions is extended to February 23, 2015.  The current deadlines for the Joint Pretrial Order and Motions in Limine, trial, and pretrial conference are VACATED and will be re-set at a later date.

SIGNED this 2nd day of December, 2014.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE